UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TIMOTHY A. JONES, JR., a/k/a Timothy Jones,

Plaintiff,

v.

9:19-CV-0299
(GTS/DJS)

OTT, Corr. Officer, Mohawk Corr. Facility; and SWIFT, Corr. Officer, Mohawk Corr. Facility, f/k/a Smith,

Defendants.

---

APPEARANCES: OF COUNSEL:

TIMOTHY A. JONES, JR., 04-B-2100
Plaintiff, *Pro Se*
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

HON. LETITIA A. JAMES
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, New York 12224

NICHOLAS L. ZAPP, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Timothy A. Jones, Jr. ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983, are (1) Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies before filing suit, and (2) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion be granted

and that Plaintiff's Complaint be dismissed for failure to exhaust his available administrative remedies, and alternatively recommending dismissal of Plaintiff's Complaint based on his failure to prosecute this action pursuant to Fed. R. Civ. P. 41(b). (Dkt. Nos. 25, 32.) Neither party has filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 32) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** for failure to exhaust his available administrative remedies before filing suit, and, in the alternative, for failure to

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

prosecute this action pursuant to Fed. R. Civ. P. 41(b).

Dated: April 24, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge